IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNON SAULSBERY | : | |
| 1449 South Weyant Avenue | | |
| Columbus, Ohio 43227 | : | |
| Plaintiff | : | CASE NO. 2:24-cv-1425 |
| v. | : | JUDGE |
| CITY OF COLUMBUS | : | MAGISTRATE JUDGE |
| 90 West Broad Street | | |
| Columbus, Ohio 43215 | : | |
| Defendant | : | |

**PLAINTIFF VERNON SAULSBERY'S COMPLAINT**

NOW COMES Plaintiff Vernon Saulsbery and hereby proffers this Complaint for damages and equitable relief against Defendant City of Columbus.

**PARTIES**

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant is municipal corporation located in Franklin County, Ohio.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Counts II and III are brought under the same core of operative fact, and therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper due to the fact that the workplace at which Plaintiff worked for Defendant was in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff worked for Defendant as a Street Maintenance Supervisor the last twelve (12) years of his employment until he was discharge on or about March 30, 2023.

6. Plaintiff was 60 years of age at the time of his discharge.

7. From the year 2021 until his discharge, Plaintiff became aware of supervisors his age in his department being discharged without cause.

8. During the last 3-4 years of his employment, Plaintiff had a small television set in his office that he had on, often to track storms or keep as background noise as he worked.  Defendant was fully aware of the television in his office at all times.

9. Plaintiff worked in a closed office environment in which he did not share his space with anyone else, and his office was separate from other areas.

10. From March 5-9, 2023, Defendant installed a covert camera in Plaintiff's office that taped both video and audio.  Plaintiff did not become aware of this covert surveillance until March 28, 2023, when he was told of it by Defendant.

11. On March 28, 2023, Plaintiff was called to a meeting in which he was questioned regarding what Defendant had allegedly observed and heard through its covert surveillance.

12. On March 30, 2023, Plaintiff was told he could either resign, retire or be discharged by Defendant.  Needing income, Plaintiff chose to retire.

13. Up to the time he was discharged, Plaintiff received superior performance reviews and no discipline of any kind.

14. On or about December 27, 2023, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") alleging age discrimination.

15. On March 21, 2024, the OCRC issued a Notice of Right to Sue on the Charge.

## COUNT I
## AGE DISCRIMINATION
## O.R.C. § 4112.01 et seq.

16. Plaintiff reincorporates the allegations contained in ¶¶ 1-15 as if fully rewritten here.

17. Plaintiff was an "employee" as that is defined by O.R.C. § 4112.02.

18. Defendant was an "employer" as that is defined by O.R.C. § 4112.02.

19. Plaintiff was unlawfully targeted for discharge as described in ¶¶ 10-12 above.

20. Plaintiff has been discriminated against because of his age as that is defined by O.R.C. § 4112.02.

21. Defendant's violations of the O.R.C. Chapter 4112 entitle Plaintiff to, and monetary damages which include back pay and benefits, compensatory damages, attorney fees and costs in an amount to be determined at trial, but in any event not less than $250,000 and the equitable relief of reinstatement and/or front pay.

## COUNT II
## VIOLATION OF 18 U.S.C. § 2511

22. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-21 above as if fully rewritten here.

23. Plaintiff engaged in "oral communication" that exhibited an expectation that such communication was not subject to interception and was under circumstances that justified that expectation during the time Defendant surveilled him in his personal office from March 5-9, 2023.

24. Defendant "intercept[ed]" Plaintiff's side of his oral communication using its covert camera that also recorded audio from March 5-9, 2023.

25. Defendant utilized the "contents" of Plaintiff's intercepted oral communication to threaten Plaintiff with discharge and thereby coerce Plaintiff into retiring from his employment.

26. Defendant's violation of 18 U.S.C. § 2511 entitles Plaintiff, pursuant to 18 U.S.C. § 2520 to compensatory damages, punitive damages, and attorney fees and costs in an amount to be determined at trial, but in any event not less than $300,000.

### COUNT III
### VIOLATION OF RC 2933.52

27. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-26 above as if fully rewritten here.

28. Defendant's violation of RC 2933.52 entitles Plaintiff, pursuant to RC 2933.65, to liquidated damages of $10,000.00, actual damages suffered from the use of the illegally obtained information, punitive damages, and attorney fees and costs in an amount to be determined at trial, but in any event not less than $300,000.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, liquidated damages equal to back and benefits, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $300,000.00;

for Count II, compensatory damages, punitive damages, and attorney fees and costs in an amount to be determined at trial, but in any event not less than $300,000.; and,

for Count III, liquidated damages of $10,000.00, actual damages suffered from the use of the illegally obtained information, punitive damages, and attorney fees and costs in an amount to be determined at trial, but in any event not less than $300,000.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881